**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**SEAN MICHAEL YOUNG,**

**Plaintiff,**

**v.** **Case No. 26-C-31**

**RYAN SIZONEN et al.,**

**Defendants.**

---

## ORDER GRANTING DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

---

Plaintiff Sean Michael Young, an inmate at the Racine Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On September 3, 2026, Defendants Ryan Sizonen and Dan Basarich filed a motion for summary judgment on the ground that Young failed to exhaust the available administrative remedies before he filed this lawsuit. Dkt. No. 38. For the reasons explained below, the Court will grant the Defendants' motion and dismiss this case without prejudice.

## BACKGROUND

At the relevant time, Young was housed at the Waukesha County Jail where Sizonen worked in the jail's health services unit and Dr. Basarich worked as a dentist. According to Defendants, Young filed one grievance relevant to his claims in this case. It is undisputed that Young did not appeal the response to this grievance. Young asserts that he filed "more than one potentially relevant grievance." He states that "he filed his first one to the HSM and the second one to the HSA." He further states that "he received a response from both of them, therefore exhausting his administrative remedies." He also states that he "appeal[ed] the response he received from the HSM to the HSA." Dkt. Nos. 40, 49 at ¶¶25-26, 28.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Failure to exhaust "is an affirmative defense, and the burden of proof is on the defendant." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). "Substantial compliance with administrative remedies" does not satisfy the PLRA.

*Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

The grievance procedure at the jail is generally described in the handbook and is explained in detail on the grievance and appeal forms. Inmates must first attempt to resolve their issue informally with a correctional officer or support staff member. When informal resolution is not possible, "written complaints/grievances and grievance appeals are to be submitted in writing on the form provided for that purpose." An inmate has the right to file an appeal of a grievance response within five days of receipt. There are two levels of appeal. Dkt. Nos. 40, 48, 49 at ¶¶16-20.

Defendants provide "a true and correct copy of all of Plaintiff's grievances and grievance appeals filed during his detention at the Jail." Dkt. No. 41. Only one of the grievances is relevant to the issues in this case. Dkt. No. 41-3 at 10. Young did not appeal the response to this grievance, so he did not complete the grievance procedure.

Young asserts that he filed "other" relevant grievances, which he sent to the health services manager and the health services administrator. While it is not entirely clear, Young seems to suggest that there is an alternative procedure for exhausting administrative remedies on issues related to medical care. According to Young, "only matters that relate to the everyday function of [the jail] get responded to by the [Deputy Jail Administrator] or [Jail Administrator]." Young asserts that "matters related to the Health Services Department (HSD) are responded to by either the health services manager (HSM) or the health services administrator (HSA)." Dkt. No. 49 at ¶21.

Young provides no evidence to support his suggestion that an exhaustion procedure other than the one outlined in the handbook and on the grievance forms exists. The published procedure has three steps: (1) grievance; (2) appeal; (3) final appeal. Young does not explain how he arrived

at the conclusion that receiving a response from the health services manager or administrator to his grievance and first appeal relieved him of the obligation to file a final appeal, which he acknowledges he did not file. An inmate does not exhaust the available administrative remedies by completing a grievance procedure of his own creation. It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Put plainly, Defendants are entitled to summary judgment because Young acknowledges that he did not complete all three steps of the jail's grievance procedure.

Indeed, Young has not even created a triable issue on whether he completed the first two steps of the grievance procedure. Young baldly asserts that he filed a relevant grievance that he appealed to the health services administrator, but he does not provide copies of the grievance, response, or appeal. He does not explain why Defendants' records, which the jail administrator asserts under penalty of perjury "is a true and correct copy of all of Plaintiff's grievances and grievance appeals," do not include the grievance and appeal that Young purports to rely on. And he fails to provide basic details such as when he submitted the grievance and appeal, when he received a response, or even what he asserted in the grievance and appeal.

Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). Defendants filed affidavits and documentation in support of their defense that Young failed to complete every step in the

grievance procedure. In response, Young was required to present evidence sufficient to create a genuine dispute of material fact. His unsupported and conclusory statement that he exhausted is insufficient. *See Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019) (holding that once a defendant asserts the exhaustion defense through affidavits and documentation, a plaintiff must introduce sufficient evidence to demonstrate there is a genuine issue of triable fact with respect to that defense); *but see Breyley v. Fuchs*, 156 F.4th 845, 848 (7th Cir. 2025) (holding that details in a sworn declaration such as when the plaintiff filed the grievance which were also corroborated with documentation were more than a "bald assertion").

Regardless, even if the Court were to credit Young's assertions that he filed a relevant grievance and appealed the response, Defendants are entitled to summary judgment because, as explained above, Young does not dispute that he did not file a final appeal as required by the jail's grievance procedure. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

**IT IS THEREFORE ORDERED** that the Defendants' joint motion for summary judgment on exhaustion grounds (Dkt. No. 38) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 24th day of November, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.